# Exhibit B

RETURN DATE:   JULY 19, 2022

| | | |
|---|---|---|
| AMICA MUTUAL INSURANCE CO. | : | SUPERIOR COURT |
| a/s/o NICHOLAS NIGRO | : | |
| | : | |
| v. | : | J.D. OF HARTFORD |
| | : | AT HARTFORD |
| ROBERT BOSCH LLC and BSH HOME | : | |
| APPLIANCES CORPORATION | : | JUNE 21, 2022 |

## COMPLAINT

Plaintiff, Amica Mutual Insurance Company ("Amica"), as subrogee of Nicholas Nigro (the "Insured"), by and through its undersigned counsel, hereby files this Complaint against Defendants, Robert Bosch LLC, and BSH Home Appliances Corporation, and in support thereof avers as follows:

## THE PARTIES

1. Plaintiff, Amica, is a mutual insurance company organized existing under the laws of the State of Rhode Island, with a principal place of business in Lincoln, Rhode Island, and licensed by the State of Connecticut to issue insurance policies in the State of Connecticut.

2. Upon information and belief, Defendant Robert Bosch LLC ("Bosch") is a foreign corporation organized and existing under the laws of the State of Michigan with a principal place of business located at 38000 Hills Tech Drive, Farmington Hills, MI 48331.

3. Upon information and belief, Defendant BSH Home Appliances Corporation ("BSH") is a foreign corporation organized and existing under the laws of the State of California with a principal place of business at 1901 Main Street, Suite 600, Irvine, CA 92614.

## GENERAL ALLEGATIONS

4. Amica insured the Insured under a homeowners' policy of insurance, Policy No. 60010622CF (the "Policy") for certain real property located at 28 Chestnut Hill Road, West Simsbury, CT 06092 (the "Property").

5. The Policy was in full force and effect at all relevant times, including on June 26, 2019.

6. At all times relevant hereto, Amica insured the Insured pursuant to the Policy and is subrogated to all of their rights and interests arising from an incident that occurred at the Property on or about June 26, 2019 (the "Incident").

7. Upon information and belief, the dishwasher purchased by the Insured was manufactured in July 2012. The Insured owned the dishwasher for around three years when it stopped working correctly and was unable to be used.

8. The Insured found about one-half an inch of water in the basement of the Property below the location of the dishwasher. The Insured learned that water was coming out of the bottom of the dishwasher.

9. As a result of the failure of the dishwasher to work properly, the Property suffered water damage to the kitchen, drywall, ductwork, basement living room, basement bathroom, and basement laundry room.

10. Amica, pursuant to the terms and conditions of the Policy, reimbursed the Insured in the amount of Eighty-Nine Thousand Nine Hundred Eighty-Nine Dollars and Thirty Cents ($89,989.30), which does not include the insured's deductible of $1,000.

11. As a result of the aforesaid payments, and pursuant to the Policy and by operation of law, Amica is subrogated to the rights of its Insured as subrogee against all parties responsible for the occurrence of all damages to the extent of Amica's payments to the Insured.

## COUNT I- (Strict Products Liability As To Bosch)

12. Amica repeats, realleges, and incorporates by reference the allegations contained in the foregoing paragraphs above, as if expressly rewritten and set forth herein.

13. Defendant Bosch, by and through its employees, agents and servants, is liable and legally responsible to Amica for the injuries suffered by Amica's Insured as a result of the failure of the dishwasher to properly perform.

14. Defendant Bosch, by and through its employees, agents and servants, is liable and legally responsible to Amica for the injuries suffered by the Insured as a result of the failure of the dishwasher to properly perform resulting in water damage under Connecticut General Statutes § 52-572(m) *et. seq.* in that Defendant Bosch:

   a. failed to properly design the dishwasher and its components;
   b. failed to properly manufacture the dishwasher;
   c. failed to adequately test the dishwasher to assess, determine, eliminate and/or reduce the risk or likelihood of water damage;
   d. sold and distributed a defectively manufactured dishwasher;
   e. otherwise failed to use due care under the circumstances.

15. As a direct result of Defendant Bosch's liability, Amica, pursuant to the Policy, was caused to pay damages in excess of Eighty-Nine Thousand Nine Hundred and Eighty-Nine Dollars and Thirty Cents ($89,989.30), together with pre-judgment and post-judgment interest, the costs and disbursements of this action, and all other further relief the court deems just and proper.

## COUNT II- (Strict Products Liability As To BSH)

16. Amica repeats, realleges, and incorporates by reference the allegations contained in the foregoing paragraphs above, as if expressly rewritten and set forth herein.

17. Defendant BSH, by and through its employees, agents and servants, is liable and legally responsible to the Amica for the injuries suffered by Amica's Insured as a result of the failure of the dishwasher to properly perform.

18. Defendant BSH, by and through its employees, agents and servants, is liable and legally responsible to Amica for the injuries suffered by the Insured as a result of the failure of the dishwasher to properly perform resulting in water damage under Connecticut General Statutes § 52-572(m) *et. seq.* in that Defendant BSH:

   a. failed to properly design the dishwasher and its components;

   b. failed to properly manufacture the dishwasher;

   c. failed to adequately test the dishwasher to assess, determine, eliminate and/or reduce the risk or likelihood of water damage;

   d. sold and distributed a defectively manufactured dishwasher;

   e. otherwise failed to use due care under the circumstances.

19. As a direct result of Defendant BSH's liability, Amica, pursuant to the Policy, was caused to pay damages in excess of Eighty-Nine Thousand Nine Hundred Eighty-Nine Dollars and Thirty Cents ($89,989.30), together with pre-judgment and post-judgment interest, the costs and disbursements of this action, and all other further relief the court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Amica claims the following relief against the Defendants Bosch and BSH:

1. Monetary damages;

2. Attorneys' fees, costs, and interest;

3. Such other equitable or legal relief as the laws of equity and justice require.

           Respectfully submitted,
           Plaintiff,
           Amica Mutual Insurance Company a/s/o
           Nicholas Nigro,
           By its attorney,

*/s/ Mara E. Finkelstein #438112*
Mara E. Finkelstein, Esq.
Sloane and Walsh, LLP
148 Eastern Boulevard, Suite 105
Glastonbury, CT 06033
Juris No. 435734
(860) 375-1877 (p)
(860) 430-6999 (f)
Juris No. 435734

A TRUE COPY ATTEST:
ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
AN INDIFFERENT PERSON

5

RETURN DATE:     JULY 19, 2022

| | | |
|---|---|---|
| AMICA MUTUAL INSURANCE CO. | : | SUPERIOR COURT |
| a/s/o NICHOLAS NIGRO | : | |
| | : | |
| v. | : | J.D. OF HARTFORD |
| | : | AT HARTFORD |
| ROBERT BOSCH LLC and BSH HOME | : | |
| APPLIANCES CORPORATION | : | JUNE 21, 2022 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00) exclusive of costs and interest.

Respectfully submitted,
Plaintiff,
Amica Mutual Insurance Company a/s/o
Nicholas Nigro,
By its attorney,

*/s/ Mara E. Finkelstein #438112*
Mara E. Finkelstein, Esq.
Sloane and Walsh, LLP
148 Eastern Boulevard, Suite 105
Glastonbury, CT 06033
Juris No. 435734
(860) 375-1877 (p)
(860) 430-6999 (f)
Juris No. 435734

A TRUE COPY
ATTEST:
ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
AN INDIFFERENT PERSON

6